UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SEAN KRIS PERKINS,

    Petitioner,

v.                                       Case No. 3:23cv8011-LC-HTC

SANTA ROSA COUNTY FLORIDA,

    Respondent.
_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's failure to respond to the Court's May 8, 2023, Order directing him to remit the $5.00 filing fee by May 30, ECF Doc. 5, or to respond to the Court's June 12, 2023, Order requiring him to show cause why no filing fee had been paid.  ECF Doc. 6.  Petitioner was warned that "failure to timely comply with this order may result in a recommendation that this case be dismissed for failure to prosecute and failure to comply with an order of the Court." *Id*.  Despite this warning, the time for responding to the Court's June 12 Order has expired with no response by Petitioner.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Petitioner] has been forewarned, generally is not an abuse of discretion."  *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.

1989)). This is because "even a non-lawyer should realize the peril to [his] case when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, this case has been pending for 85 days without Petitioner paying the filing fee which is due at the time of filing. Rules Governing § 2254 Cases, Rule 3(a)(1). Thus, dismissal is also appropriate for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED, that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 5th day of July, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed **within fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 3:23cv8011-LC-HTC